UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN PIOTR NOWAK,

                              Petitioner,

              -against-

JAMIE DIMON,

                              Respondent.

Case No. 1:26-mc-00133 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Petitioner Martin Piotr Nowak ("Petitioner"), who is appearing *pro se*, initiated this matter as a miscellaneous action. Dkt. 1 ("Pet."). In his Petition, he appears to be asking the Court to declare his ownership interest in a private trust and to seal this case permanently. For the following reasons, the Court DISMISSES this action and DENIES the motion to seal the case.

The District Clerks' Manual, published by the Administrative Office of the United States Courts, "sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, No. 23-mc-00004 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023). The Manual lists the limited matters where assignment of a miscellaneous case number is proper, including matters where the plaintiff seeks:

> [F]oreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* at *2 (citing District Clerks' Manual § 4.03.(a)(1)(ii)-(xvi)). In addition, a miscellaneous case can be an ancillary proceeding that is directly or indirectly related to a civil or criminal case

within the district or another district. *Id.* § 4.03(a)(1). "[C]ivil matters are classified as either civil or miscellaneous cases depending on the nature of relief sought in the initiating document." *Id.* § 302(a).

Here, Petitioner appears to be seeking to enforce certain rights in a "private trust." *See* Pet. at 4. The relief that Plaintiff seeks demonstrates that this action is not one of the limited matters where use of the miscellaneous docket is proper. Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice.[1]

The Court also denies Petitioner's request to seal this case. Pet. at 7-9. "Judicial documents are subject . . . to a potent and fundamental presumptive right of public access[.]" *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)). In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit articulated a three-step analysis to decide whether material may remain under seal. *Id.* at 119. First, the Court must "conclude that the documents at issue are indeed 'judicial documents,'" meaning that the item is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the Court "determine[s] the weight of that presumption," *id.*, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," *id.* (quoting *Amodeo*, 44 F.3d at 145). Lastly, the Court weighs the presumption of public access attached to the document against the countervailing factors that counsel against unsealing a judicial document. *Id.* at 120.

---

[1] Plaintiff is not entitled to a refund of the filing fee.

Here, the Petitioner asks the Court to seal the entire case, including his Petition.  Pet. at 7-9.  His Petition is clearly a judicial document because it initiated the action and is "the very architecture of the lawsuit."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016).  Moreover, since Petitioner "seeks to shield all case records from the public eye, . . . the presumption of public access has extraordinarily substantial weight.'"  *United States ex rel. SFN Partners, LLC v. Post Acute Partners, LLC*, No. 20-cv-08262 (JPC), 2022 WL 1171294, at *2 (S.D.N.Y. Apr. 20, 2022) (quoting *Nago v. Bloomberg L.P.*, No. 19-cv-11483 (GBD) (OTW), 2021 WL 1718949, at *2 (S.D.N.Y. Apr. 30, 2021)); *see also Doe v. Berg*, No. 15-cv-09787 (RJS), 2016 WL 11597923, at *1 (S.D.N.Y. Feb. 10, 2016) ("A Court may only permit the sealing of an entire case file as a last resort." (internal quotation marks and citation omitted)).  Petitioner, however, does not identify sufficient countervailing interests to warrant permanent sealing.  Petitioner claims that unsealing will cause harms such as "undue injury" and "invasion of privacy," but provides nothing to substantiate these concerns.  Dkt. 1 at 8.  Such conclusory claims of injury cannot outweigh the public's substantial interest in disclosure of the judicial documents in this suit.  *See Olson*, 29 F.4th at 93 ("[W]here the presumption of public access is at its strongest . . . the presumption can be overcome only by countervailing considerations in 'extraordinary circumstances.'"); *Gentile v. Crededio*, 21-cv-08528 (LTS), 2023 WL 2535192, at *2 (S.D.N.Y. Mar. 16, 2023) (finding "vague assertions of potential harm are insufficient to overcome the strong presumption of public access to the judicial documents at issue here").  As such, Petitioner's request to seal this action is denied.

## CONCLUSION

For the aforementioned reasons, this action is DISMISSED without prejudice on the ground that it is not a proper miscellaneous case.  Furthermore, Petitioner's request to seal the

case is DENIED.  The Clerk of the Court is respectfully directed to unseal the document at Dkt.

1 and close the case.

Dated:  April 10, 2026
         New York, New York

SO ORDERED.

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge